UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANTHONY TRAYLOR,** | : | Civil No. 1:20-CV-674 |
| Plaintiff | : | (Chief Judge Jones) |
| v. | : | (Magistrate Judge Carlson) |
| **RYAN MCCARTHY,** | : | |
| Defendant | : | |

**MEMORANDUM ORDER**

**I.   Statement of Facts and of the Case.**

This case is an employment discrimination action bought against the Secretary of the Army. (Doc. 1). The defendant has filed a motion to dismiss, or in the alternative, for summary judgment. (Doc. 16). The plaintiff, in turn, has moved to strike this potentially dispositive motion, citing certain alleged technical flaws in this motion under our local rules, (Doc. 19), although this motion to strike, which is unaccompanied by any brief, is also technically flawed under our local rules. The defendant has responded to this motion to strike. Therefore, the motion is ripe for resolution. For the reasons set forth below, we will deny this motion.

**II.   Discussion**

Rule 12(f) of the Federal Rules of Civil Procedure governs motions to strike pleadings and provides, in part, that:

> (f) Motion to Strike. The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

F. R.Civ. P., Rule 12(f).

While rulings on motions to strike rest in the sound discretion of the court, Von Bulow v. Von Bulow, 657 F.Supp. 1134, 1146 (S.D.N.Y. 1987), that discretion is guided by certain basic principles. Because striking a pleading is viewed as a drastic remedy, such motions are "generally disfavored." Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1057 (C.A.La., 1982). As one court has aptly observed: "striking a party's pleadings is an extreme measure, and, as a result, . . . '[m]otions to strike under Fed.R.Civ.P. 12(f) are viewed with disfavor and are infrequently granted.' Lunsford v. United States, 570 F.2d 221, 229 (8th Cir.1977) (citing 5 Wright & Miller, Federal Practice and Procedure. Civil § 1380 at 783 (1969)). See also, Resolution Trust Corp. v. Gibson, 829 F.Supp. 1103, 1106 (W.D.Mo.1993); 2 James Wm. Moore et al., Moore's Federal Practice § 12.37[1] (3d ed. 2000)." Stanbury Law Firm v. I.R.S., 221 F.3d 1059, 1063 (8th Cir. 2000). In practice, courts should exercise this discretion and strike pleadings only when those pleadings are both "redundant, immaterial, impertinent, or scandalous" and prejudicial to the opposing party. Ruby v. Davis Foods, Inc., 269 F.3d 818, 820 (7th Cir. 2001).

Moreover, where, as in this case, a party files a motion to strike but neglects to file a brief in support of that motion one other consideration guides the exercise of our discretion. The failure to file a brief has consequences for the plaintiff since we are entitled to deem the plaintiff to have withdrawn a motion when he fails to properly support that motion by filing a brief in a timely fashion. See, e.g., Salkeld v. Tennis, 248 F. App'x 341 (3d Cir.2007) (affirming dismissal of motion under Local Rule 7.5); Booze v. Wetzel, 1:12-CV-1307, 2012 WL 6137561 (M.D. Pa. Nov. 16, 2012) report and recommendation adopted, 1:CV-12-1307, 2012 WL 6138315 (M.D. Pa. Dec. 11, 2012); Breslin v. Dickinson Twp., 1:09–CV–1396, 2011 WL 1577840 (M.D.Pa. Apr.26, 2011) Prinkey v. Tennis, No. 09–52, 2010 WL 4683757 (M.D.Pa. Nov.10, 2010) (dismissal under Local Rule 7.5); Griffin v. Lackawanna County Prison Board, No. 07–1683, 2008 WL 4533685 (M.D.Pa.Oct.6, 2008) (dismissal under Local Rule 7.6).

In this case, in the exercise of our discretion, we will deny this motion to strike. Recognizing that "[m]otions to strike under Fed.R.Civ.P. 12(f) are viewed with disfavor and are infrequently granted," Lunsford v. United States, 570 F.2d 221, 229 (8th Cir.1977), we find that it has not been shown that the defense motion to dismiss or in the alternative for summary judgment is both "redundant, immaterial, impertinent, or scandalous" and unfairly prejudicial. Ruby v. Davis

Foods, Inc., 269 F.3d 818, 820 (7th Cir. 2001). Quite the contrary, the motion raises threshold legal defenses which can, and should, be considered on their merits by this court. Therefore, in the exercise of our discretion, Von Bulow v. Von Bulow, 657 F.Supp. 1134, 1146 (S.D.N.Y. 1987), we will DENY this motion to strike and will address the merits of the pending motion to dismiss or in the alternative for summary judgment by a separate Report and Recommendation.

So ordered this 30th day of December 2020.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge